UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SANDRA (SANDY) KANE,

                  Plaintiff,

              -against-

THE CITY OF NEW YORK, P.O. BRENDAN GOULD, Shield No. 03552, Individually and in his Official Capacity, SGT. MICHAEL (DITTRICK) DITTRICH, Shield No. 2796, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-5, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                  Defendants.

------------------------------------------------------------------X

**THIRD AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

**15 CV 00428 (JGK)**

      Plaintiff SANDRA (SANDY) KANE, by her attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

- 1 -

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff SANDRA (SANDY) KANE is a Caucasian female and has been at all relevant times a resident of New York County in the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned P.O. BRENDAN GOULD, SGT. MICHAEL DITTRICH, and P.O.s JOHN DOE #1-5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13. On or about April 26, 2014, at approximately 3:46 p.m. in the County, City, and State of New York, the plaintiff, SANDRA (SANDY) KANE, was lawfully present near the corner of West 45th St. and Broadway.

14. At the aforesaid time and place, plaintiff was lawfully exercising her First Amendment rights, when she was accosted by the defendant officers.

15. Specifically, said officer pulled their vehicle up to the curb beside plaintiff, exited their vehicle, immediately grabbed plaintiff by the arms, and then forcefully handcuffed her hands behind her back.

16. Subsequently, plaintiff was searched and then forcefully placed in a police vehicle for transport to a nearby police precinct.

17. Thereafter, defendants charged plaintiff with Disorderly Conduct – Creating a Hazardous Physical Condition.

18. At no time on April 25, 2014, did the plaintiff act in a disorderly manner, create a hazardous condition, or behave unlawfully in any way.

19. At no time on April 25, 2014, did defendants possess reasonable suspicion to stop, question, and/or frisk plaintiff.

20. At no time on April 25, 2014, did defendants possess probable cause to arrest plaintiff.

21. At no time on April 25, 2014, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22. At no time on April 25, 2014, did defendants an objectively reasonable justification for utilizing the level of force employed during the course of plaintiff's arrest.

23. Thereafter, defendants transported plaintiff to a nearby police precinct where she was searched and confined her in a holding cell without her consent.

24. In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office – namely, the defendants falsely informed prosecutors that plaintiff was observed on a public side walk with an unattended black guitar bag a few feet from her control or observation.

25. As a result of her unlawful arrest, the plaintiff was incarcerated for approximately six (6) hours before being released with a summons.

26. As a result of her unlawful arrest and prosecution, the plaintiff made one (1) court appearance before the charge against her was dismissed in its entirety on or about July 9, 2014.

27. As a result of her unlawful arrest and prosecution, plaintiff did not return to work for a month.

28. As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

36. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, illegally searched and confined, without any probable cause, privilege or consent.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

46. Defendants misrepresented and falsified evidence before the New York County District Attorney.

47. Defendants did not make a complete and full statement of facts to the District Attorney.

48. Defendants withheld exculpatory evidence from the District Attorney.

49. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

50. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

51. Defendants acted with malice in initiating criminal proceedings against plaintiff.

52. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

53. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

54. Defendants acted with malice in continuing criminal proceedings against plaintiff.

55. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

56. Specifically, the defendants falsely informed prosecutors that plaintiff was observed on a public side walk with an unattended black guitar bag a few feet from her control or observation.

57. Notwithstanding the perjurious and fraudulent conduct of defendants, all of the charges were terminated in plaintiff's favor on or about July 9, 2014 when those charges against her were dismissed.

58. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

60. Defendants created false evidence against the plaintiff.

61. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office – namely, the defendants falsely informed prosecutors that plaintiff was observed on a public side walk with an unattended black guitar bag a few feet from her control or observation.

62. Defendants misled the prosecutors by creating false evidence against the plaintiff and thereafter providing the aforementioned false statements throughout the criminal proceedings.

63. In creating false evidence against the plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

64. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for his safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND SEIZURE UNDER 42 U.S.C. § 1983

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

66. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of her constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

68. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

69. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

   ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

   iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct; and

   iv. utilizing excessive force in effectuating arrests.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

74. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

75. The acts complained of deprived the plaintiff of her right:

    a.    Not to be deprived of liberty without due process of law;

    b.    To be free from seizure and arrest not based upon probable cause;

    c.    Not to have summary punishment imposed upon him; and

    d.    To receive equal protection under the law.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       August 17, 2015

BY: _____/S_____
JOSHUA FITCH
GERALD COHEN
ILYSSA FUCHS
COHEN & FITCH LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, N.Y. 10273
(212) 374-9115
jfitch@cohenfitch.com
gcohen@cohenfitch.com
ifuchs@cohenfitch.com